IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JESSE PETTAWAY, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Civil Action 12-00722-WS-N |
| ) | |
| KENNETH JONES, and the ) | |
| ATTORNEY GENERAL of ) | |
| ALABAMA, ) | |
| ) | |
| Respondents. ) | |

REPORT AND RECOMMENDATION

Petitioner, an Alabama prison inmate proceeding pro se, filed a petition under 28 U.S.C. § 2254 (doc. 1) on November 21, 2012. The matter has been referred to the undersigned Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Upon consideration of this § 2254 petition, the undersigned finds that it is barred on the grounds, in sum, that it is one of many successive habeas petitions for which the petitioner has failed to obtain permission from the Eleventh Circuit Court of Appeals as required by 28 U.S.C. § 2244(b)(3)(A)[1]. The undersigned, therefore, recommends that this § 2254 petition similarly be **DENIED**.[2]

---

[1] *See* Pettaway v. Davis J.O., CA 86-0900-T-C (S.D. Ala. 05/19/1989)(First habeas petition denied); Pettaway v. Holt, CA 00-0475-CB-M (S.D. Ala. 08/28/2000)(Habeas petition dismissed as uncertified successive petition); Pettaway v. State of Alabama, CA 03-0768-CG-B (S.D. Ala. 04/16/2004)(Habeas petition dismissed for want of prosecution and failure to comply with Court's orders); Pettaway v. Holt, CA 06-0424-KD-M (S.D. Ala. 10/27/2006)(Habeas petition dismissed for want of prosecution and failure to comply with Court's orders); Pettaway v. Holt, CA 06-0491-WS-B (S.D. Ala. 10/18/2007)(Habeas petition dismissed with prejudice as uncertified successive petition); Pettaway v. Jones, CA 11-0258-WS-C (S.D. Ala. 06/30/2011)(Habeas petition dismissed as uncertified successive petition).

[2] In light of the contents of this report and recommendation, the undersigned finds petitioner's motion for leave to proceed without prepayment of fees (Doc. 2) to be **MOOT.**

I. PROCEDURAL HISTORY[3]

In his present §2254 petition, Jesse Pettaway, Jr. ("Pettaway") states that he was convicted in the Circuit Court of Baldwin County, Alabama, on November 19, 1981 of first degree rape and sentenced to life in prison. (Doc. 1 at 2). Pettaway's conviction and sentence were affirmed on appeal without written opinion, and his application for rehearing was overruled. (*Id.* at 3; *see also* Civil Action No. 11-0258-WS-C, Doc. 3 at p. 2, ¶ 2).

Pettaway's collateral attacks, in both the state court and this Court, on his conviction prior to the instant petition were enumerated in his last habeas case, Civil Action No. 11-0258-WS-C, as follows:

> 3. Although petitioner reports in his petition only that he collaterally attacked his conviction and sentence in the state courts of Alabama in 2010 (see id. at 4), it is clear that Pettaway's 2010 collateral attack on his 1981 first-degree rape conviction—and resulting life term of imprisonment—simply represents the latest of a plethora of Rule 32 petitions filed by him in the state courts of Alabama. *See Pettaway v. State*, 2010 WL 5144810, *1 (Ala.Crim.App. Dec. 17, 2010) (Kellum, J., concurring specially) ("I write specially to note that this action appears to be Jesse Pettaway's ninth Rule 32, Ala.R.Crim.P., petition challenging his 1981 conviction for first-degree rape and his resulting sentence of life in prison. I believe that allowing Pettaway to file multiple petitions for postconviction relief in which his claims are either precluded or without merit wastes scarce judicial resources. Therefore, I would encourage the circuit court to consider adopting sanctions like those proposed in *Peoples v. State*, 531 So.2d 323 (Ala.Crim.App. 1988), and *Procup v. Strickland*, 792 F.2d 1069 (11th Cir. 1986), to prevent future frivolous litigation on the part of Pettaway and other similarly situated inmates.").
>
> 4. It is also clear to the undersigned, from reviewing this Court's records, that petitioner's reported habeas corpus challenge to his 1981 conviction

---

[3] The uncontested facts in this case are set forth in the Report and Recommendation entered in Jesse Pettaway, Jr. v. Kenneth Jones, Civil Action No. 11-0258-WS-C, on May 31, 2011 (doc. 3), which was adopted by the Court on December 22, 2008 (doc. 12).

> and sentence in this Court, that is, from 1986, CA 86-0900-T-C (see Doc. 1, at 9), does not represent his only collateral challenge asserted in the Southern District of Alabama. Instead, a review of court records reveals numerous habeas corpus petitions filed by Pettaway over the years. Compare id. with, e.g., *Pettaway v. Holt*, 00-0475-CB-M; *Pettaway v. State of Alabama*, 03-0768-CG-B; *Pettaway v. Holt*, 06- 0424-KD-M; and Pettaway v. Holt, 06-0491-WS-B. United States District Judge William H. Steele dismissed with prejudice Pettaway's most recent habeas corpus petition filed in this Court prior to the filing of the instant petition. See *Pettaway v. Holt*, 06-0491-WS-B, Doc. 11. "It is ORDERED, ADJUDGED, and DECREED that the petition in this action be and is hereby DISMISSED with prejudice for lack of jurisdiction because the habeas petition is successive as defined by 28 U.S.C. § 2244(b)(3)(A)." Id.

*See* Civil Action No. 11-0258-WS-C, Doc. 3 at pp. 2-3, ¶ 3-4). Pettaway's § 2254 petition in Civil Action No. 11-0258-WS-C was filed on May 16, 2011. (*Id.* at p. 4, ¶ 5). This petition was dismissed with prejudice on June 30, 2011. (*Id.* at Docs. 4-5).

The present § 2254 petition was filed on November 21, 2012. (Doc. 1). Pettaway describes only one Rule 32 motion for postconviction relief, a petition he states was filed in the Circuit Court of Baldwin County on January 27, 2012. (*Id.* at p. 4, ¶ 12). Although Pettaway acknowledges that he "previously filed a habeas corpus petition attacking this present conviction in this or any other federal court," when required to give details about the case, he merely writes "N/A." (*Id.* at p. 9, ¶ 14(B)).

II.   ANALYSIS

Pursuant to 28 U.S.C. §§ 2254 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA"), "'[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application'." Guenther v. Holt, 173 F.3d 1328, 1330 (11th Cir. 1999), *quoting* 28 U.S.C. § 2244(b)(3)(A), *cert. denied*, 528 U.S. 1085 (2000). This

jurisdictional issue was reaffirmed in Turner v. Howerton, in which the Eleventh Circuit held:

> A state prisoner who wishes to file a second or successive federal habeas corpus petition is required to move the court of appeals for an order authorizing the district court to consider such a petition. See 28 U.S.C. 2244(b)(3)(A). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam).

196 Fed. Appx. 848, 852 (11th Cir. 2006). *See also* Parker v. Dinwiddie, 258 Fed. Appx. 200, 201 (10th Cir. 2007)("A district court does not have jurisdiction to address the merits of a second or successive petition until this court has granted the required authorization under 28 U.S.C. § 2244(b)(3)(A).").

In view of the six prior 2254 petitions filed in this Court by Pettaway, the last two of which were dismissed **with prejudice** for failure to comply with 28 U.S.C. § 2244(b)(3)(A)[4], as well as the other petitions discussed *supra*,[5] Pettaway was required to obtain permission from the Eleventh Circuit Court of Appeals prior to filing the present petition. He failed to do so. The Eleventh Circuit has consistently held that it must give its permission before a district court may consider a second or successive habeas petition challenging a conviction or sentence. *See* United States v. Diaz-Clark, 292 F.3d 1310, 1316 (11th Cir. 2002)("[Defendant] must obtain certification by the court of appeals before a 'second or successive' habeas petition may be pursued in the district court, and such certification will only be granted if the petitioner makes a showing of newly

---

[4] *See* Pettaway v. Holt, CA 06-0491-WS-B (S.D. Ala. 10/18/2007)(Habeas petition dismissed with prejudice as uncertified successive petition); Pettaway v. Jones, CA 11-0258-WS-C (S.D. Ala. 06/30/2011)(Habeas petition dismissed as uncertified successive petition).

[5] *See*, n. 1, *supra*.

4

discovered evidence that establishes his or her innocence, or points to a new rule of constitutional law, recognized by the Supreme Court and made retroactively applicable to cases on collateral review."); In re Joshua, 224 F.3d 1281, 1282 (11th Cir. 2000)("[P]risoners seeking to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion." ); In re Provenzano, 179 F.3d 1326, 1327 (11th Cir. 1999)(The Court of Appeals "may authorize the filing of a second habeas petition only if we determine the applicant has made a prima facie showing that the new claims he seeks to raise fit within one of the two exceptions against belated claims that are set out in § 2244(b)(2)."). "Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it." Tompkins v. Secretary, Department of Corrections, 557 F.3d 1257, 1259 (11th Cir. 2009).  See also, Rodgers v. Hertzel, 2010 WL 4628100, *2 (S.D. Ala. Oct. 7, 2010)(same). The instant petition is, in fact, a **seventh** successive petition filed without the required authorization.  Consequently, it is recommended that this action be dismissed for lack of jurisdiction due to petitioner's failure seek an order from the Eleventh Circuit Court of Appeals, pursuant 28 U.S.C. § 2244(b)(3)(A) prior to filing a successive petition.

### CERTIFICATE OF APPEALABILITY/*IN FORMA PAUPERIS*

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases (December 1, 2009).  A

certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000); Miller-EL v. Cockrell, 537 U.S. 322, 336 (2003)("Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' ").

In the instant action, Petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file this, his ***seventh*** habeas petition; thus, this Court is without jurisdiction to consider his successive petition. Farris v. U.S., 333 F.3d 1211, 1216 (11th Cir. 2003)("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."). Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further. Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the Court conclude that no reasonable

jurist could find it debatable whether the Petitioner's petition should be dismissed; thus, he is not entitled to a certificate of appealability.

Additionally, the undersigned here addresses the related issue of whether any appeal of an order adopting this Report and Recommendation and denying habeas relief may be brought *in forma pauperis*. An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); *see* Fed.R.App. P. 24(a)(3)(A); Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir.2000) (concluding that "good faith" is "an objective concept" and that "not taken in good faith" is "a synonym for frivolous"); DeSantis v. United Techs, Corp., 15 F.Supp.2d 1285, 1288-89 (M.D .Fla.1998) (stating that good faith "must be judged by an objective, not a subjective, standard" and that an appellant "demonstrates good faith when he seeks appellate review of any issue that is not frivolous"). An appeal filed *in forma pauperis* is frivolous if "it appears that the Plaintiff has little to no chance of success," meaning that the "factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir.1993). For the foregoing reasons, the undersigned recommends that the court find no possible good faith basis for appeal of the denial of the petitioner's habeas claims, and thus that no appeal of such a ruling may be brought *in forma pauperis*.

## CONCLUSION

For the reasons set forth above, if is hereby RECOMMENDED that Pettaway's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **DISMISSED with prejudice**, and that no Certificate of Appealability should issue. The instructions which

follow the undersigned's signature contain important information regarding objections to the report and recommendation of the magistrate judge.

    **Done** this  14th  day of December, 2012.

                                            <u>/s/Katherine P. Nelson</u>
                                            KATHERINE P. NELSON
                                            UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, *within fourteen days* of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" *within [fourteen] days* [6] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added).  A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**DONE** this   14th   day of December, 2012.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

---

[6] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition [.]" Fed. R. Civ. P. 72(b)(2).